IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DORIS STEVENS,

    Plaintiff,

v.                                                      CASE NO. 1:09-cv-00162-MP-GRJ

MICHAEL J ASTRUE,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 21, Report and Recommendation of the Magistrate Judge, recommending that this matter be remanded for further consideration. The time for filing objections has passed, and none have been filed. The undersigned agrees that the ALJ failed to consider the records of plaintiff's surgery in September 2004 and after-treatment. Indeed, on pages 3-5 of the ALJ's opinion on remand, the ALJ sets out the medical history and skips straight from April of 2004 to September of 2007, with no mention of the surgery. Also, as discussed on pages 10-12 of the Report and Recommendation, the records added on remand do not include these surgical records. Thus, the Court concludes that remand under sentence four of 42 U.S.C. § 405(g) is again necessary.

A remand under sentence four is considered a final judgment. Bergen v. Commissioner, 454 F.3d 1273 (11th Cir. 2006). Thus, absent a court order stating otherwise, a successful Plaintiff's counsel would normally have fourteen days after the order of remand to file a motion with the District Court requesting an award of attorney fees. Fed. R. Civ. P. 54(d)(2)(B). This Rule has been interpreted by the Eleventh Circuit to even apply to a request for fees to be paid

from Plaintiff's past due benefits pursuant to 42 U.S.C. § 406(b)(1).   <u>Bergen</u>, 454 F.3d at 1277-78.  However, Plaintiff's counsel in such a case will not know the amount of benefits - and therefore fees - until after the Commissioner awards benefits, which typically takes longer than fourteen days after the entry of judgment.  Therefore, an extension of time to seek such fees is warranted, and was recommended by the <u>Bergen</u> opinion.  <u>Id</u>.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The Report and Recommendation of the Magistrate Judge is accepted, the decision of the Administrative Law Judge is reversed, and this matter is remanded to the Commissioner.

This Clerk is directed to enter final judgment remanding this case to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further development.  The ALJ is directed to obtain the complete records of Plaintiff's surgery in September of 2004, including all followup treatment notes and perform an updated evaluation of Plaintiff's RFC. After conducting an updated evaluation of Plaintiff's RFC the ALJ should elicit vocational testimony to address the functional limitations established by the updated record.

Pursuant to <u>Bergen</u>, proceedings on attorney fees under the Social Security Act, 42 U.S.C. § 406(b) are stayed until the matter is fully adjudicated upon remand.  The Plaintiff shall file a motion to award fees under 406(b) within 30 days after counsel receives notice from the Defendant Commissioner as to Plaintiff's past due benefits.

This stay relates only to attorney fee proceedings under § 406(b) of the Social Security Act, not to attorney fee proceedings under the Equal Access to Justice Act, 28 U.S.C. § 2412, the latter of which may be adjudicated at this time.

**DONE AND ORDERED** this *22nd* day of June, 2011

*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge
